## Case No. 10,974.

### PERDICARIS v. CHARLESTON GAS-LIGHT CO.

[Chase, 435;[1] 2 Am. Law J. Rep. U. S. Cts. 117; 10 Int. Rev. Rec. 110.]

Circuit Court, D. South Carolina. June Term, 1869.

SEQUESTRATION — BY CONFEDERATE GOVERNMENT —SALE—TITLE PASSED—SUIT TO DECLARE REISSUED STOCK VOID.

1. It is settled law that all acts of the Confederate government, or the government of a state hostile to the United States, and prejudicial to the rights of citizens of states adhering to the Union, are void and convey no title.

2. The sequestration acts of the Confederate states, and all acts under them, injurious to citizens of Union adhering states, are null and void, and a court of equity will decree such relief in the premises as may be necessary.

3. Where stock has been sold by a Confederate receiver, and new certificates therefor issued to the purchaser, and after the war is ended, such sale is admitted by the company to have been void, and it recognizes the original stockholder, but neglects to take any step to have the certificate issued under the Confederate sale declared void, cancelled or delivered up—in such case any stockholder has a clear equity to have such stock declared void, because it is a cloud on his title and injures the value of his stock.

4. When the company itself refuses or neglects to bring suit, then it is competent for such stockholder, in his own behalf and that of others in like situation with him, to file his bill in equity and invoke the assistance of the equity jurisdiction.

Perdicaris, a citizen of a state adhering to the United States in the Civil War, was a stockholder in the Charleston Gaslight Company. During the war his stock was seized as that of an alien enemy, by virtue of an act of the Confederate congress for the sequestration of the property of such persons, and was duly sold under a decree of the district court of the Confederate states for the district of South Carolina, by the receiver, as required by law. The company thereupon, being required to do so by the decree of condemnation, issued new certificates of stock to the purchasers under the sale, and transferred the stock from the name of Perdicaris to those of the purchasers; the sale was acknowledged by all parties, and the new stockholders recognized, participating in the government and profits of the corporation. At the end of the war, however, when Perdicaris inquired as to the condition of the property he had left during the period he was prevented from visiting or communicating with Charleston, the company acknowledged him as the true owner of the stock, re-transferred it back to him, and refused to allow the holders of the stock issued under the sequestration sale to be recognized in any manner as stockholders. After the lapse of four years, in which matters stood thus, Perdicaris filed his bill in the court, setting forth the facts and praying that the

---

[1] [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

holders of this new stock be decreed to surrender it, and the company to cancel it, making the company and the holders of the new stock parties defendant to this bill. Part of the defendants filed a general demurrer, on which the cause was heard.

Rutledge & Young, for Perdicaris.

Effect of demurrer. Being a general demurrer, the bill must be bad in every respect in order to be dismissed. If good in any respect, the bill must be sustained. "Upon a general demurrer it is sufficient (for the complainant) to show that his complaint is to any extent right." Bagshaw v. Eastern Union R. Co., 7 Hare, 129. "If any part of the bill is good, and entitles the complainant either to relief or discovery, a demurrer to the whole bill can not be sustained . . . and must be .overruled." 5 Johns. 186; 1 Johns. 433; Livingston v. Story, 9 Pet. [34 U. S.] 658; Griffing v. Gibb, 2 Black [67 U. S.] 519. Demurrer is sustained only whenever it is clear "it is an absolute, clear, and certain proposition, that taking all the charges of the bill to be true, it will be dismissed at the hearing" (quoted in substance); Daniell, Ch. Prac. 598, 599; Story, Eq. Pl. § 443, note 1; Brooke v. Hewitt, 3 Ves. 253. Can Perdicaris sustain this suit? It is clear the company could. The case of New York & N. H. R. Co. v. Schuyler [17 N. Y. 596] and about three hundred other defendants, shows this conclusively; also Dodge v. Woolsey [18 How. (59 U. S.) 331], and numerous other cases. But this point is not disputed. Can Perdicaris, a stockholder? Perdicaris claims that his title is clouded, his stock lessened in value, &c., by these outstanding scrip, and the company will do nothing—has, at least, done nothing. Clear that a corporator can sue his corporation. General rule, then, is that none of the members or officers should be made parties, except where a discovery from them is necessary. 1 Daniell, ut supra, p. 179, side page. They (the officers of a corporation) should not be joined generally, where no discovery is sought from them, or where they can be used as witnesses. Daniell, ut supra, p. 180; Story, Eq. Pl. § 235; How v. Best, 5 Madd. 19. The rule that the company should be plaintiff in cases such as the present is claimed by the demurrants to be, that when the object of the bill is to compel the ministerial officers of the company to account for a breach of official duty, then the general rule is that the suit should be brought in the name of the company. Ang. & A. Corp. § 312; Robinson v. Smith, 3 Paige. 233. This is not our case—we go against the company for a wrong act done by it. But admit we are against officers, what is the law in such case? "As a court of equity never suffers a wrong to go unredressed for the sake of form merely, if it appear that the directors refuse by collusion with those who had made themselves responsible by their neglect, or if the corporation is still under

the control of those who should be defendants in the suit, the stockholders, who are the parties in interest, will be permitted to file a bill making the corporation a party." Ang. & A. Corp. § 312; Foss v. Harbottle, 2 Hare. 491, 492; Bagshaw v. Eastern Union R. Co., 7 Hare. 114; Robinson v. Smith, 3 Paige, 233; Dodge v. Woolsey, 18 How. [59 U. S.] 331; Hitchens v. Congreve, 4 Russ. 562. Here directors who did the wrong act are directors still—a majority certainly. The rule is also thus laid down, viz., that such a suit "should be brought in the name of the corporation," unless it appears that the directors refuse to prosecute, or are themselves the guilty parties answerable for the wrong. If they do thus refuse, or are thus answerable, the shareholders may sue in their own names; but in such a case, the corporation must be made a defendant either solely or jointly with the directors. New York & N. H. R. Co. v. Schuyler, 17 N. Y. 596, 7 Abb. Prac. 58. Compare same case in 34 N. Y. 30, where this point is sustained; the case in other respects was overruled. Again we find: Therefore though the result of the authorities clearly is that a corporation acting within the scope of, and in obedience to the provisions of its constitution, the will of the majority duly expressed at a legally constituted meeting must govern (Ang. & A. Corp. § 380), yet beyond the limits of the act of incorporation, the will of the majority can not make an act valid, and the powers of a court of equity may be put in motion, at the instance of a single shareholder, if he can show that the corporation is employing its statutory powers for the accomplishment of purposes not within the scope of their institution (Id. § 393). Compare Preston v. Grand Collier Dock Co., 11 Sim. 344. When a bill was filed by a member of a numerous company v. the company, and members charging fraud in a certain transaction which had been confirmed by a note of the company and praying that it might be set aside, seven defendants demurred. The court overruled the demurrers, holding that it was the duty of the company and directors to do what the plaintiffs desired done, and that they (the plaintiffs) had a plain equity for relief, and overruled the demurrer. Page 347. He excluded all idea of fraud. Page 345. See, also, Ward v. Society of Attorneys, 1 Colly, 370. Bill filed by a few members against the company and its secretary alone, of one thousand three hundred and thirteen members, all had voted for the surrender of the charter and acceptance of a new one, and ordered a transfer of property to be held under new charter, twenty-one voted against this surrender, and filed their bill. The court granted an injunction. The earlier cases do seem to establish the doctrine that the corporator can not file his bill against the ministerial officers of a corporation for an alleged breach of duty by them, without showing either that the directors refuse to file the bill in the name of

the company, or that the company is still under the direction of those who should be made parties defendant. Neglect is equivalent in effect to refusal, and it is axiomatic that it is sufficient to make the demand by bringing suit. The company in this case for four years have done nothing, and on the bill appear to be "willing to accede" to complainant's request, but that the purchaser at the sequestration sale holds its scrip; in other words, the company does not think it proper that in changed circumstances it should repudiate its own apparent act, however done under a vis major, while it is perfectly competent for the complainant to do this himself. But if the complainants' case is not under this exception, it certainly is under the second exception, according to the contention of demurrants. They insist that directors should be made parties, "should be defendants in the suit." Hence Perdicaris has the right to file this bill without seeking to put the company in motion, and only must amend by making directors parties. But beyond and above all this, it will be noticed that in all the later cases, the right of the corporator to file his bill against the corporation solely, is allowed without dispute. Not a word in any of these later cases is said about such a requisition. And in the Case of Society of Attorneys, not a director was made party, and yet an injunction, after much opposition, was granted. But lastly on this point, the bill in the present case is not to call the directors, the ministerial officers, to an account for any breach of duty,—none is charged against them,—but to set aside the act of the company, an act sanctioned by the corporators in the South by acquiescence, since 1863. There is no claim that directors are liable. Ang. & A. Corp. § 314. Mere error in judgment is charged against the president. He obeyed the order of a court which had the power to send him to prison for disobedience. He did not go to prison,—did not make himself a martyr as he should and ought to have done,—even though living in this age so poor in martyrs.

CHASE, Circuit Justice. The bill in this case was filed by the plaintiff in his own behalf and in behalf of any others who might come in and contribute to the expenses of the suit. It is stated that the shares in the Charleston Gaslight Company's stock, belonging to the plaintiff and others, were sequestrated under an act of the Confederate government and sold during the Civil War. It is also stated that in lieu of those shares other shares of a corresponding amount were delivered to the purchasers, and the prayer of the bill is that the certificates thus issued may be declared to be invalid; that they may be ordered to be delivered up to be cancelled; that the defendants may be restrained from bringing suit for their transfer, and that the company may be restrained from allowing such transfer and from the payment of dividends.

To this bill, there is a general demurrer filed by part of the defendants, and a motion to dissolve the injunction already granted. The only question in the case is, whether the parties are entitled to any relief in this court upon the case made by the bill. This question is twofold: first, whether the plaintiffs have a case of equity; second, whether this court has jurisdiction of the controversy between the plaintiff and defendants. It is not claimed that the transfer of shares sequestered and sold under the authority of the Confederate government conveyed exclusive title to the defendants. It has been repeatedly decided, both by the circuit courts and by the supreme court of the United States, that all acts of the Confederate government, or the government of a state hostile to the United States and prejudicial to the rights of citizens of states adhering to the Union, are void and convey no title.

Perdicaris is a citizen of an adjoining state. It is proper to add that the Gaslight Company has acted upon the principle just stated. It is true that it erased from the books the names of the original stockholders, whose stock was sold under the sequestration act and issued new certificates to the purchasers. But this was during the war. Since the war ended it has reinstated the names of the original stockholders, and recognized fully their right to dividends. The certificates issued to the purchasers from the Confederate receiver are, however, still outstanding. Perdicaris, as owner of original stock, claims the interposition of the court against the defendants, who in virtue of their purchases from the receiver, assert a claim to be recognized as stockholders upon an equality with himself. It is very clear that Mr. Perdicaris has a good case in equity. If the whole stock had belonged to stockholders residing in other states and had been sold under the sequestration act, and it can be maintained, after the war, that the purchasers are entitled to recognition equally with the original stockholders, it is very clear the value of the stock to the latter would be reduced just one-half. This shows very clearly the equity of Mr. Perdicaris. There is no way by which he can be relieved except by a court of equity. But it is insisted that the company itself should bring suit, and that Perdicaris, being only a stockholder, can not be heard in this court. We do not agree to this view. It is not denied that if the company had refused to institute proceedings, the stockholders might do so. There is no principle of equity administration which denies to a stockholder protection in a court of equity. It is true that the corporation represents the corporate interests, and in this case it would, perhaps, be most appropriate that the corporation should bring a suit for its own protection and for the protection of the rights of the original stockholders, but it has at least neglected and omitted to do so. Under such circumstances any stockholder may proceed. We think the bill filed in this case by the

plaintiff for his own benefit and for the benefit of his co-stockholders is properly conceived, and that upon the case made by it the plaintiff is entitled to the relief asked. The demurrer must be overruled, and the motion to dissolve the injunction must be denied.

[Subsequently a final decree was entered in favor of the complainant. Case No. 10,973.]